**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4493**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FREDRIKA ANTONIO HALLAMON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Sherri A. Lydon, District Judge.  (3:21-cr-00524-SAL-1)

_____

Submitted:  July 12, 2023                          Decided:  July 19, 2023

_____

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Justin M. Kata, JUSTIN M. KATA – ATTORNEY AT LAW, LLC, Columbia, South Carolina, for Appellant.  Winston David Holliday, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fredrika Antonio Hallamon appeals his conviction and the six-month sentence imposed following his guilty plea, without a plea agreement, to destruction and delay of the mail by a postal employee, in violation of 18 U.S.C. § 1703(a). Hallamon's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning whether Hallamon's guilty plea is valid and whether his within-Sentencing-Guidelines sentence is reasonable. Although he was informed of his right to file a pro se supplemental brief, Hallamon has not done so. The Government has declined to file a response. Finding no error, we affirm.

Because Hallamon did not move to withdraw his guilty plea in the district court, we review the validity of his plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant establishes that an error affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines the defendant understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the applicable

2

maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea is voluntary and not the result of threats, force, or promises, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

Here, although the district court failed to explicitly advise Hallamon that his right to appointed counsel extended to every stage of the criminal proceedings, that the court was obligated to impose a special assessment, and of potentially adverse immigration consequences, *cf.* Fed. R. Crim. P. 11(b)(1)(D), (L), (O), nothing in the record suggests that these minor errors affected Hallamon's substantial rights. Moreover, there is no indication that, but for the court's minor omissions, Hallamon would not have entered his guilty plea. *See Davila*, 569 U.S. at 608. We therefore conclude that Hallamon entered his plea knowingly and voluntarily and that a factual basis supported the plea.

Turning to Hallamon's sentence, we review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "If the sentence 'is procedurally sound, [we] should then consider the substantive reasonableness of the

sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). Any sentence within a properly calculated Guidelines range is presumptively reasonable, and the defendant bears the burden of demonstrating the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

We conclude that Hallamon's sentence is procedurally and substantively reasonable. The district court correctly calculated the Guidelines range, to which Hallamon did not object, and adequately explained why it imposed Hallamon's custodial sentence and term of supervised release. In addition, Hallamon fails to overcome the presumption of reasonableness that we afford his within-Guidelines sentence.

We have reviewed the record in accordance with *Anders* and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hallamon, in writing, of the right to petition the Supreme Court of the United States for further review. If Hallamon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hallamon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4